UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LAMAR BRADLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-212 PS |
| | ) | |
| EDDIE BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Lamar Bradley, a *pro se* prisoner, filed this *habeas corpus* petition challenging the finding by a disciplinary hearing board ("DHB") that he possessed marijuana, an offense which led to the loss of one hundred eighty days good time and a demotion in credit class. (Pet. Writ Habeas Corpus, DE 1-1.)  Here's what happened: During a shakedown of the cell Bradley shared with another prisoner, Lieutenant Burkhart discovered 13 pairs of pants; one pair contained marijuana.  As a result of this incident, the lieutenant issued two conduct violation reports against Bradley.  The first, and the one at issue here, charged Bradley with illegal possession of a controlled substance and states in relevant part:

> I Lt. Burkhart was shaking down E-229 & 230 when I found a large amount of Khaki pants in Offender Bradleys [sic] #112728 property. In one particular pair of pants there was a small amount of what appears to be a green leafy substance and appears to be marijuana. This small amount with a seed in it was turned into evidence for analysis.

(DE 1-2 at 4.)  The second report charged Bradley with possession of thirteen pairs of pants–ten more than the permissible amount. (DE 1-2 at 3.)

After conducting a disciplinary hearing, the DHB found Bradley guilty of possession of marijuana.  (DE 12-8.)  Bradley received a sanction of six months of disciplinary segregation

and a credit class demotion.  (*Id.*)  The DHB dismissed the second charge for possession of excessive pants to avoid stacking of charges for the same incident.  (DE 12-9.)  Bradley appealed the disciplinary action to the prison superintendent and the final reviewing authority.  (DE 12-9, 12-11.)  After both administrative appeals were denied, Bradley filed the instant petition.

Bradley has a liberty interest in earned good time and is entitled to basic procedural protections before such time can be taken away for misconduct.  These minimal due process requirements are met by: (1) prior written notice of the charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence; (3) an impartial decision maker; (4) a written statement of the evidence supporting the disciplinary action and the reasons for it; and (5) some evidence in the record to support the finding of guilt.  *See Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Scruggs v. Jordan*, 485 F.3d 934, 939-40 (7th Cir. 2007).  Bradley raises three due process claims alleging: (1) there was insufficient evidence to support the DHB's finding; (2) the decision-maker was not impartial; and (3) the charge violated his right to equal protection. (Pet. at 3-5, DE 1-1.)

Bradley alleges several deficiencies in the evidence against him to argue that the DHB lacked sufficient evidence to find him guilty of possession of marijuana.  First, he argues that the charging reports are inherently inconsistent because one report states that the pants were found "in" Bradley's property, while the other conduct report indicates that the pants were "on" Bradley's bed and property box.  (DE 1-2 at 3-4.)  Second, he points out that his cellmate stated that some of the pants in the cell did not belong to either of them.  (DE 1-2 at 2.)  Third, he argues that the DHB's finding that he was in possession of marijuana was precluded by the fact that the DHB dismissed his second citation for possession of the pants that contained the

2

marijuana.

> The Seventh Circuit has held that the "some evidence" standard is a modest one.
>
> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (internal citations omitted). After reviewing staff reports, the statement of the offender, evidence from witnesses, and a field test confirming the controlled substance in reaching its findings, the DHB concluded that Bradley was in possession of marijuana. (DE 12-8.) Moreover, it is undisputed that marijuana was discovered in the pocket of a pair of pants on top of or near Bradley's property. This evidence is more than enough to surmount the modest standard. Bradley's assertion that the conduct reports are inconsistent because they contained slight variations in wording is frivolous. And his reliance on the DHB's dismissal of his second charge is misplaced. It is true that the DHB checked the "not guilty" box on the possession of extra pants charge. (DE 1-2 at 6.) But both the DHB's report of findings and the prison superintendent's appellate decision explain that the "not guilty" decision was made to spare Bradley from receiving multiple offenses for the same incident. (*Id.* at 5-6.) There was never a finding on the merits that Bradley did not possess the pants.

Bradley next argues he was denied an impartial decision-maker because of the DHB's bias. He maintains the board did not consider the wording differences between the conduct reports because of the lieutenant's rank. (DE 13 at 3.) He also claims that the board was impartial because it "failed to recognize their own decision to find Bradley not guilty of possessing the khaki pants." (*Id.* at 4.) Bradley insists this latter point "automatically eliminates

3

him of possessing anything inside of those pants." (*Id*.)  As explained above, Bradley misstates what actually took place.

The right to an impartial decision-maker is violated when that individual is also substantially involved in the investigation of the charges against the prisoner.  *Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983).  Bradley does not claim any of the DHB members participated in the investigation or fact-finding related to the disciplinary proceedings.  There is simply nothing in the record to suggest that they were not impartial.

Finally, Bradley claims that the DHB treated him in a discriminatory way which violated his Fourteenth Amendment right to equal protection.  The Fourteenth Amendment's guarantee of equal protection is a right to be free from invidious discrimination in statutory classifications or other governmental activity.  *Harris v. McRae*, 448 U. S. 297, 322 (1980).  Bradley declares that, "all DOC  prisoners who are found not guilty of possessing any item that contains contraband are found not guilty of contraband."  (Pet. at 5, DE 1-1.)  This claim is procedurally defaulted because Bradley never presented it during any of the prior administrative proceedings.  *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) ( "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority.").

A prisoner can overcome a procedural default by showing cause and prejudice.  *Id*.  Cause for a default is ordinarily established by showing that there is some kind of external impediment preventing the petitioner from presenting his claim.  *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).  In his traverse, Mr. Bradley states his discrimination claim could not be defaulted because it involves a fundamental right.  However, the factual and legal bases for

this claim were clearly available to Mr. Bradley before he filed this petition.  As no objective external factor prevented him from presenting his discrimination claim sooner, he lacks cause for failing to do so.

The second way to get out from under a procedural default would be for Bradley to establish that there will be a fundamental miscarriage of justice if habeas relief is foreclosed to him.

> In order to show . . . that a miscarriage of justice would result if habeas relief is foreclosed, the petitioner must show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court.

*Lewis*, 390 F.3d at 1026.  Bradley cannot come close to meeting this lofty standard where the marijuana was found in a pair of pants found near his belongings in his cell.  Bradley's Fourteenth Amendment claim is therefore procedurally defaulted.

Accordingly, the habeas corpus petition is **DENIED**.

**SO ORDERED**.

ENTERED: April 30, 2008.

       s/ Philip P. Simon  
       PHILIP P. SIMON, JUDGE  
       UNITED STATES DISTRICT COURT